**FILED**

12/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0575

# SYNOPSIS OF THE CASE[1]

**<u>2024 MT 312, DA 23-0575</u>: RIKKI HELD; LANDER B., by and through his guardian Sara Busse; BADGE B., by and through his guardian Sara Busse; SARIEL SANDOVAL; KIAN T., by and through his guardian Todd Tanner; GEORGIANNA FISCHER; KATHRYN GRACE GIBSON-SNYDER; EVA L., by and through her guardian Mark Lighthiser; MIKA K., by and through his guardian Rachel Kantor; OLIVIA VESOVICH; JEFFREY K., by and through his guardian Laura King; NATHANIEL K., by and through his guardian Laura King; CLAIRE VLASES; RUBY D., by and through her guardian Shane Doyle; LILIAN D., by and through her guardian Shane Doyle; TALEAH HERNÁNDEZ,** Plaintiffs and Appellees, **v. STATE OF MONTANA, GOVERNOR GREG GIANFORTE, MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, MONTANA DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION, and MONTANA DEPARTMENT OF TRANSPORTATION,** Defendants and Appellants.

The Montana Supreme Court has ruled that the Montana Constitution's right to a clean and healthful environment includes a stable climate system that sustains human lives and liberties, and that, under the fundamental right to a clean and healthful environment, a law prohibiting state agencies from analyzing the effects of greenhouse gas emissions in all cases is unconstitutional.

Sixteen youth plaintiffs sued the State of Montana, several state officials, and a number of state agencies. They sought a declaration that the state law that precluded the State from conducting an analysis of greenhouse gas emissions when conducting environmental reviews under the Montana Environmental Procedure Act (MEPA) was unconstitutional.

The six to one majority Opinion affirms rulings made by a district court judge in Lewis and Clark County in August 2023 following a seven-day trial where numerous witnesses and experts provided testimony. The Supreme Court limited its decision to the constitutionality of the law that precludes consideration of greenhouse gasses (MEPA Limitation). While the Supreme Court held the MEPA Limitation was unconstitutional and enjoined the State from acting in accordance with it, it held that other issues that the parties raised—including whether a greenhouse gas emissions analysis is required for any particular project—would necessarily need to be decided in the context of specific permitting cases.

The State appealed the District Court's order that found the Montana Constitution's right to a "clean and healthful environment" and "environmental life support system" under Article II, Section 3, and Article IX, Section 1, of the Montana Constitution, includes a stable climate system.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

MEPA exists to inform the public and the Legislature about the environmental impacts of potential government actions. The State argued that it and the public need not be informed of the cumulative impacts from its actions.

The Supreme Court rejected the State's argument that the Framers of the Constitution—intending the strongest, all-encompassing environmental protections in the nation, both anticipatory and preventative, for present and future generations—would allow the State to ignore the impacts of greenhouse gas emissions in a formal permit review of environmental impacts because it would not have any impact on worldwide greenhouse gas emissions.

The Supreme Court held that MEPA mandates the State take a hard look at the environmental consequences of its actions, which the MEPA Limitation statutorily precluded agencies from doing. Regardless of any substantive permitting statutes that were not before the Court, MEPA is unique in its ability to avert potential environmental harms through informed decision making. The MEPA Limitation foreclosed environmental review of greenhouse gas emissions, which prevented state agencies from using that information to inform and strengthen substantive permitting or regulatory decisions or to negotiate any mutual mitigation measures or alternatives.

The State also appealed the District Court's order finding that Plaintiffs had "legal standing" to bring their constitutional claims, which is a requirement for every case brought in Montana courts.

The Supreme Court affirmed, finding that Plaintiffs' allegations of an injury to their constitutional right to a clean and healthful environment caused by the MEPA Limitation conferred standing to bring their claims for declaratory relief.

One Justice dissented from the majority on this issue. The Justice would have concluded the Plaintiffs lacked standing to pursue their claims, holding that the Plaintiffs failed to satisfy constitutional case-or-controversy requirements, and thus the merits of the case should not have been reached. The Justice reasoned that the Plaintiffs' alleged injury was abstract, indistinguishable from that to the public as a whole, and was thus not sufficiently concrete. Further, because the MEPA Limitation is strictly procedural and was not applied to a specific permitting decision in this case, the Justice argued the challenged statute did not cause the alleged injury and the Court's relief does not provide redress.

Plaintiffs also sought an injunction from the District Court that would order the State to develop a remedial plan to effectuate a reduction of greenhouse gas emissions in Montana. The District Court granted the State's motion to dismiss this aspect of the relief sought. This issue was not on appeal before the Montana Supreme Court.